# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

BETH E. WOOD,

                                    Plaintiff,

-vs-                                              DECISION AND ORDER

JO ANNE B. BARNHART, COMMISSIONER     05-CV-6401-CJS
OF SOCIAL SECURITY,

                                  Respondent.

## APPEARANCES

For plaintiff:                           Beth E. Wood *pro se*
                                           153 W. Center Street
                                           Elmira, NY 14901

For respondent:                      Christopher V. Taffe, A.U.S.A.
                                           Monique Mazza, Law Student[1]
                                           U.S. Attorney's Office
                                           100 State Street Room 620
                                           Rochester, NY 14614

## INTRODUCTION

     This Social Security case is before the Court on the Commissioner's motion (# 10) to reverse her decision and remand the case for a new hearing pursuant to 42 U.S.C. § 405(g). Plaintiff has not responded to the motion, nor did she appear as directed for oral

---

[1] Authorized by this Court's Order (# 12) to represent respondent at oral argument pursuant to Western District of New York Local Rule of Civil Procedure 83.6.

argument or even contact the Court to indicate that she was unable to attend. For the reasons stated below, the Court grants the Commissioner's application.

## BACKGROUND

On January 22, 2004, plaintiff filed an Application for Disability Insurance Benefits under Title II fo the Social Security Act ("Act") as well as an application for Supplemental Security Income under Title XVI of the Act. (R. 18.) She alleged a disability onset date of July 26, 2002. (R. 19.) Plaintiff's claim was disapproved administratively on March 2, 2004, and on April 23, 2004 she requested a hearing before an Administrative Law Judge ("ALJ"). (R. 33, 97-103.) A hearing before an ALJ was held on December 30, 2004, and subsequently on January 14, 2005, the ALJ issued a written decision denying benefits. (R. 18-24.) On February 4, 2005, plaintiff appealed the decision. (R. 10-14) to the Appeals Council, which denied her appeal on May 26, 2005, making the ALJ's decision the Commissioner's final decision. (R. 5-9.) On August 1, 2005, plaintiff filed a complaint with this Court seeking judicial review pursuant to 42 U.S.C. § 405(g).

## ANALYSIS

As indicated, the Commissioner has moved the Court for an Order reversing her decision on plaintiff's applications and remanding this case to her pursuant to the fourth sentence of 42 U.S.C. § 405(g). The Court may remand a case pursuant to the fourth sentence of 42 U.S.C. § 405(g) in cases in which the Commissioner has failed to provide a full and fair hearing, failed to make explicit findings, or failed to have correctly applied the law and regulations. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Here,

the Commissioner clarifies that the ALJ did not "take into consideration medical evidence in the record showing that plaintiff had limitations due to obesity." (Comm'r's Mem. of Law at 3.) The Commissioner points out that the regulations require that, when evaluating whether an individual with obesity has a listing-level impairment or combination of impairments, and when assessing a claim at other steps of the requisite sequential evaluation process, including an individual's residual functional capacity, the ALJ must consider any additional and cumulative effects of obesity. Social Security Ruling ("SSR") 02-1p; *see* 20 C.F.R. Part 404, Subpart P, Appendix 1; §§ 1.00Q., 3.00I., 4.00F. (*Id.*)

As the Commissioner explains, the record in this case contains substantial evidence of obesity. Plaintiff's treating physician, Paul Povanda, M.D., stated that one of plaintiff's medical conditions was obesity. (R. 176). Dr. Povanda's treatment notes indicate plaintiff weighed 252 pounds on May 6, 2003 (R. 114), 262 pounds on July 29, 2003 (R. 116), 271 pounds on September 16, 2003 (R. 117), 274 pounds on December 12, 2003 (R. 118), 275 pounds on January 9, 2004 (R. 119), and 279 pounds on April 22, 2004 (R. 168). Manar Hanna, M.D., a consultative examiner, reported plaintiff was five feet five-and-one-half inches tall and weighed 274 pounds on March 3, 2004. (R. 134). Dr. Hanna diagnosed plaintiff with "morbid obesity" and opined that she was limited in her ability to stand, walk long distances, squat and kneel as a result of her obesity. (R. 133-37.) The ALJ found plaintiff's severe impairments to be chronic obstructive pulmonary disease, degenerative changes of the cervical spine and bilateral median nerve compromise. (R. 24). *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, §§ 1.00Q, 3.00I. Accordingly, the Commissioner offers that the ALJ was required to evaluate evidence of obesity at each step of the

sequential evaluation process with regard to these severe impairments, which, she concedes, he did not do. The Commissioner concludes that, "Remand is necessary so that evidence of plaintiff's obesity may be considered with regard to her severe musculoskeletal and respiratory impairments." (Comm'r's Mem. of Law at 5.)

In addition to reversing and remanding the Commissioner's decision on plaintiff's January 22, 2004 application, the Commissioner also concedes that plaintiff's "received no response to her request to reopen a prior ALJ's decision affirming cessation of benefits." Further, the Commissioner acknowledges that "in cases where an ALJ is issuing a decision on a current application and the claimant specifically requests reopening of an earlier application, the ALJ must include a finding on that issue with supporting rationale," and cites to Social Security HALLEX I-2-9-1. (Comm'r's Mem. of Law at 5.)

Finally, the Commissioner asserts that remand for a new hearing, not for calculation of benefits, is the appropriate remedy since the evidence in the Record does not compel a finding of disability.

Despite the issuance of a motion scheduling order by the Court on May 18, 2006, directing that any responding papers to the Commissioner's motion to remand be filed by June 16, 2006, the Court has not received any type of response from the *pro se* plaintiff. Based on the Record in this case, the Court determines that the Commissioner's motion should be granted.

## CONCLUSION

The Commissioner's motion (# 10) for remand is granted, and the decision of the Commissioner is reversed.  This case is remanded pursuant to the fourth sentence of 42

U.S.C. § 405(g) for further proceedings and the Clerk is directed to close the case.

It Is So Ordered.

DATED:   August 9, 2006
         Rochester, New York

                    ENTER.


                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Court